In this case on the dot, 2-17-0139, the people of the state of Illinois, plaintiff and plea, Mr. Mario Morales, defendant to counsel. Arguing on behalf of the defendant's family, Mr. James K. Levin. Arguing on behalf of the plaintiff and plea, Ms. Victoria P. Josephs. Mr. Levin, you may proceed. Thank you. Good morning, Your Honor. Good morning. Please support again, James Levin for the defendant. The issue I'm going to discuss today is the second issue, whether or not the aggravated criminal sexual abuse conviction should be vacated under the one act, one crime rule. We have a conviction for criminal sexual assault and we have a conviction for aggravated criminal sexual abuse. So, as I said, we are arguing that the sexual abuse conviction should be vacated. How are these the same act? I'm sorry? How are these the same act? Well, we applied the six-factor test announced by the Supreme Court of People v. Secular Rights and the 2nd District Donovan case. That's a 2008 decision and they applied six factors. The first factor was one, whether the acts interposed were interposed by an intervening act. There is no intervening act in this case. The fondling, which is the sexual abuse, occurred simultaneously or virtually simultaneously with the penetration. The second factor we looked at was the time lapse between each successive part of the conduct. Here there is no time lapse either. The third is the identity of the victim. We have the same identity. The fourth is similarity of the acts performed. We have that as well because they're both sexual acts. Five, whether the conduct occurred in the same location. Yes, it did occur in the same location virtually at the same time or at the same time. And then the sixth and final factor is the prosecutorial intent. In this case, we have to look at that. We have a charge on that. Aside from that, there are cases that actually interpret and apply those factors. People versus Heston and people versus Grimes, which stands for the proposition that penetration, fondling, are two separate acts. Multiple distinct sexual conducts of fondling during the same session of abuse will support multiple convictions. Just as Jorgenson indicated, an act of sexual penetration is different from an act of fondling, is it not? Those are not the same acts, are they? Well, it is the same act when one considers that they occurred during the same sexual assault. Well, no, we can concede it would be the same transaction, the same episode, if you will. But they're not the same physical acts. It's two different physical acts. Somebody could be convicted if all a person did was fondle the victim. That could support a conviction for sexual abuse, could it not? Or if somebody penetrates the victim, it could support a conviction for assault. So if you commit both of those acts during the same episode, you're saying you can have as many free acts as you want because they're different acts. Is that what the case law says? I believe the case law that Your Honor cited is what the state cited, if I'm not mistaken. But what's different about this case from most cases is that the alleged fondling and the alleged penetration occurred at the same time or virtually the same time, and that's the way the state presented this case in its case-in-chief. In those cases, let's take the Illinois Supreme Court's Segarra case, for example. In that case, the court did find multiple acts, but there definitely was a clear time interval separating the two acts. So time, seconds, minutes, I mean, how do you apply that? You're right, Segarra says that a defendant who commits more than one criminal act in one episode may be prosecuted for more than one offense unless the charges involve precisely the same physical act, and that's what you are leaving out of your argument or the analysis here. Yes, you're talking about the same episode, the same continuous course of conduct, right, if you will, but there were two different separate physical acts. Well, let's take a hypothetical situation, which I think will illustrate my point. Let's say a defendant touches with the right hand one breast and the other hand touches the other breast, and the defendant does it exactly at the same time. Would that be one act of fondling the breast? You could make a strong argument. But the problem is penetration and fondling cannot be, by definition, the same act. Well, they're very similar, and that's what the test says, similarity of acts. They're similar. They're the same, only different. And the crucial difference, I would argue, between Your Honor's cases and this case, and I think the, I'm just asking for a straight application of the case law. I'm just saying that this case is different because as the state presents it, let's look at the charging, let's look at the prosecutorial intent. The way the state charged the case, they didn't say that there was any time interval separating the two acts, and then during the case in chief, I cited, the state presented the penetration and the fondling at only one point in the testimony of the complainant witness, and they presented it as one act, the fondling and the penetration occurring at the same time, and that's what makes this case. Your Honor, when you say they presented it as one act, are you suggesting that they presented evidence that it was one act, or are you saying that they alleged that it was one act? What exactly are you getting at? Well, when they presented it. or multiple counts that indicated several different differentiable acts, even though they may have been committed simultaneously? Well, I'm citing specifically page hour 105 of the record. That's the only place where the actual act is discussed, and the way the state presented its evidence at that point in time is they presented it as one act. But the defendant nevertheless, excuse me, wasn't he nevertheless indicted on two separate acts? I thought he was indicted on one count of criminal sexual assault and also two counts of aggravated criminal sexual abuse, so they did charge separate offenses, did they not? They didn't indicate to the defendant through the charging instrument that there was any separation in time between the two. But wouldn't that be inferred from the fact that there's two separate charges there? But the test is whether it's one act, and I think the hypothetical that I raise is similar to this case. If the defendant touches one breast with one hand, and then five minutes later touches another breast with his hand, that could be separate acts. Well, if he could have touched the same breast five minutes later, it would be the same. It would be the same but different acts because of the temporal shifts in time. Exactly, and in this case we don't have that temporal shift in time. Talking about temporal shift, didn't the victim here testify that this conduct occurred in multiple, multiple times? I think she said ten times or more over the course of the time frame and the indictments? She did not get into any specifics except that one point in time, the R195 of the record. That was the only point in time where she testified as to the penetration and she testified as to the following, only at R195. And at R195 there's no temporal shift at that point. Well, the ten occurrences did not occur at the same time, correct? Yes, but the state didn't present any evidence on any other acts. What more did they have to do then, have the victim say this happened to me ten separate times? She didn't quite say it like this. She just said there were ten encounters. She didn't say I was penetrated on such and such a date. I was penetrated on this date. I was on this date. She didn't say anything about that. She only talked about the penetration, alleged penetration on one specific instance. And you're saying that the acts of filing were part of one continuous sexual act. I understand your argument here, but to try and have certainty in the law and its application, you're talking about throwing out this term temporal connection or words to that effect. Is an indictment supposed to allege that in the course of this episode, at 105 he fondled the victim, at 110 he had intercourse with the victim, and you have to have a certain number of minutes separating the acts to be convicted of both? Is that what you're suggesting? And if so, what would be the minute requirement? What would be the time requirement? I'm asking the court to look at the totality of the circumstances. That would be a factor, but also the evidence as the state presented at trial, which is what I just addressed with Justice Jorgensen, is that the state only presented the act of the penetration and the fondling at one single instance in the record, R195, as one act. And in the indictment, they did allege the same time frame under how 1, 2, and 3 was. How could it be the same act? How could filing and penetration be the same exact act? How is that possible? Because they happened at the same time. It's one sexual assault. Okay, so let me use your example to take it a step further. According to you then, if someone attacks a victim and they fondle their breasts, they're having sexual intercourse with them, and then they proceed to attempt to penetrate them digitally, according to you, that's only one continuous act, and the person can only be convicted of one offense? Is that what you're arguing? The facts are a little bit different because that's not what I'm saying. Well, no, you're saying this all happened at the same exact time. I think your Honor's hypothetical has different facts than what we have here. No, you're saying it's tied into the time. I'm saying he was doing all of these acts at the same time. According to your argument, it's only one offense. Well, I would respectfully differ because under your Honor's hypothetical, the defendant touches the breast and then proceeds to have the penetration, and that arguably could be a time interval here. But as the State presented its evidence at trial, they didn't present it as having any time interval whatsoever. You're saying they were sloppy. Is that what you're saying? Well, I'm not going to say that, but I'm going to say that. Well, either they were sloppy or these things happened simultaneously, or they happened not simultaneously and it was more than sloppy, it was negligent. Well, the question was asked, was his penis inside? The complaining witness, the complaining witness said, inside, did he touch any other part of your body, my boobs? So the way the State presented it, the State presented it as a section of this law containing one act, containing two proponents, the breast touching and then the penetration. Well, let's assume for the sake of argument that these happened absolutely simultaneously. Explain to me how that is the same act. Because under the six-part test, which the State also discussed. Okay, okay, okay. Skip the other five. Let's go to the one that says it's the same act. Not the same location, not the prosecutorial intent, et cetera, and the time. Actually, prong number four says similarity of acts. Tell me how these are similar. How are these two acts similar? Because they both involve sexual contact. That's it? That's how they're similar, yes. And that's not the only factor in the law. Again, as I said, intervening act. Right, but you've got to have all six and that's your weak link. I don't think we have to have all six acts. I think it's a totality of the circumstances. But isn't the nature of the conduct pretty significant? They're all significant. Okay. And the test doesn't specify that it has to be identical. It says similarity of acts. And that's what the Illinois Supreme Court said. And that's what the Second District said in Donovan and Southalis. Okay. And then we also have the people versus Cox case. If I understand your argument correctly, all the cases where there have been consecutive sentences, the perpetrator did all those acts with temporal shifts. They were done seriatim, one after the other. And it was a very focused attack to the extent that only one part of the body was contacted at any given time. So in a way, you're saying that your defendant is extraordinary in a sense that, in this instance, he actually did two things in two places, whereas all the other perpetrators always did one thing at a time? Well, if you look at the facts, it's a girl. I mean, all you have to do is agree with the syllogism that you think that he's extraordinary. Well, I think there's a factual distinction. And we also have to consider… Do you think he's extraordinary, or do you think that they're extraordinary? I think the way the state presented the facts in the case is significant, and I don't think they presented it as – I think they presented it as one simultaneous act. And I'd also cite the people versus Cox case, which is very important. That's an Illinois Supreme Court case. And under similar facts to this, the defendant was convicted of two counts of – may I just finish my one statement on Cox, please? The indecent liberties with a child, and one of the counts was vacated under the one-man-to-one-crime rule, a similar fact theory. So I would cite Cox. Now, I know the Second District has said that, so terribly, that's no longer good law. But I made the argument that Cox has not been overruled by the Illinois Supreme Court, and I would argue that the Illinois Supreme Court precedent takes authority here. So I would argue Cox is applicable. Speaking of that, can I ask you a question about – you cited Segura as supporting your argument, is that correct? I'm citing as distinguishing. I wanted to cite it right away in the opening brief because it was relevant, but what I did is I distinguished it on a factual basis. So I'm not saying it supports now the same factual distinguishing. Did Segura – did the Supreme Court not hold that a defendant who commits more than one criminal act in an episode or transaction – obviously, that's the allegation here, filing and penetration – if the defendant commits more than one criminal act in an episode or transaction, he may be prosecuted for more than one offense unless the charges involve precisely the same physical act. That's the key, those words, precisely the same physical act. So again, I back the initial question. How is filing of the breast and sexual intercourse precisely the same physical act? How is it the same physical act? We also have to consider Cox. And what does that say? The Cox case says that there were two convictions for indecent criminal liberties with a child, and the Illinois Supreme Court vacated one of them. And that's still good law. It hasn't been overruled yet. Which case came first? Your case, the indecent liberties, or Segura? Segura came after Cox. Correct. And then we have the Simpkins case, which came after Segura. So under the six-factor test, with each of those factors getting equal weight, either all the factors support the defendant or most of the factors support the defendant. And I would say, and then there's Donovan, which is the second district court case, which applied Sinkowitz. So I'm just saying that the cases that support the defendant are factually distinguishable, and the cases that support the defendant are on point. So I would argue that the ‑‑ I think you used the word defendant twice. Did you mean the ones that support the state are factually distinguishable? Oh, I'm sorry for misspeaking if I did. The cases that the state cited are factually distinguishable from this case. So I'm not arguing for any different principle of law here. This is a straight application of the law to the facts, and that's what we have here. This is a very narrow case that's just different than the factual setting of the state, and by under Saguaro. I'm asking that Cox be applied, Cox would assist the defendant in prevailing, and also the six-factor test with Sinkowitz and Donovan. So unless the court has anything else, I have nothing further. Thank you very much. Thank you. You'll have an opportunity to make rebuttal. Good morning, Your Honor. Ms. Joseph, you may proceed. May it please the court. Counsel Victoria Joseph for the people of the state of Illinois. Before I jump into the one act, one crime, were there any questions Your Honor's had about the reasonable doubt argument? No, it's pretty straightforward. Well, Mr. Levin said that all your cases are distinguishable. So would you agree with that, or would you disagree with that? If you disagreed with it, are your cases quite distinguished but not distinguishable, or are you of the impression that maybe your cases might be more reasonable than his? As far as the one act, one crime, or going into reasonable doubt? One act, one crime. Okay. The cases that we cited, the Heston, Robinson, Smith, Grimes, Leiker, they're all talking about the fact that each penetration is different, each fondling is different. Here you have different acts. Cox was once the law applying the Indecent Liberties Statute. Thankfully, both the legislature and the Supreme Court have evolved since then. You mean the statutes and the case law? It was the statutes and the case law. Otherwise, you're suggesting that maybe the legislature might be less than human and has evolved into humans? Well, the legislature now specifically defines fondling under sexual contact and penetration under sexual penetration. Each supports different offenses. They are no longer lumped together in an Indecent Liberties. The legislature is recognizing the differences in these acts. The Supreme Court is recognizing the difference in these acts. The fact that we have two different legislative definitions supports that there are necessarily different physical acts that occur here. Did you recall Justice Jorgensen suggesting that there were something nigh on to ten instances of testimony? That is correct. So is it possible that the trier effect could have related to, say, the third and the seventh instance and come up with temporal shifts insofar as distinguishing the two acts not being simultaneous? The trier effect could use that. However, the state maintains that the simultaneous nature here does not control. As Your Honor was reading in Sagara a little further into reading that, what you were quoting on page 77 was that, to permit a defendant to rape an individual several times over a period of time in the same place with little or no break between each act deprecates the heinous and violent nature of each act and the effect each act has upon the victim. So, again, they're emphasizing it may be the same episode or transaction, and they're recognizing this is one continuous assault, if you will, unless the actual physical act is different. Precisely a different act. Because the prejudice is not in the multiple forms of conduct occurring simultaneously. The prejudice comes when you enter multiple convictions on the same physical act. And there are two different physical acts that took place here. There is no prejudice. The judge recognized that you had a sexual penetration that supported both the sexual abuse and the sexual assault charges and did merge those. The judge applied the law correctly. He recognized the fondling was a different act, regardless of whether it occurred simultaneously or occurred at the ninth time. Are you familiar with page 195, R195? I have it summarized. I don't have the exact language. Well, is there a page 194 or 196 where some other evidence is presented? On 194, the victim indicates that the defendant got on top of her with his shirt still on. He pulled his pants down. He touched his private part, touched her private part. His penis was inside her vagina. He touched her boobs with his hand over and under her clothes. So would touching her breasts over and under be simultaneous acts? I suppose hypothetically you could put one hand over and one hand under. But, again, the state maintains the simultaneous nature is not what controls here. Why do we have the six factors? Well, I would think there would have to be different breasts because if you put your hand over the apparel and your hand under the apparel, the top hand would be on top of the apparel and on top of your hand and, therefore, would not be touching the breasts, correct? I believe the sexual conduct definition does not differentiate whether it is over or under. Well, the point is that that is a possibility. It could have been also that one hand was underneath the apparel and the other hand was on top of the apparel doing different breasts or doing the same breasts. But that wasn't the evidence here, was it? It was just in general he touched her breasts with his hand over and under her clothes. It did not parse out. What about 196? That she said that it occurred a lot, more than 10 times, and also occurred in a black car that the defendant gave her mother for her birthday. So there were, according to her testimony, at least two locations that this occurred as well. Again, that is not what should be controlling here when you have two separate physical acts. And as far as the factors in Senkiewicz, Senkiewicz also cautions against the overuse of using such factors and ultimately says our guidance comes from pain. Are there any other questions? Would you address reasonable doubt now, please? I'm sorry? Would you address reasonable doubt now? Of course, Your Honor. All of the defendant's contentions on appeal are attacks on the victim's credibility. This court is not to substitute the judgment for the trier of fact. The trier of fact, it was a bench trial, so the trial court specifically found the victim's testimony credible, found her act of renaming the child after she was able to leave the home circumstances was unusual, and found that there was no motive to lie when she did not set out to destroy her family by bringing about these accusations. In contrast, the trial court explicitly found that, or explicitly rejected the defendant's in-court denials. All of these arguments were made before the bench below, and as this court should not reweigh any of those determinations, none were so inherently improbable as to fully destroy the victim. You're also saying the mere fact that there is a conflict in the evidence does not mandate recursion, right? That is correct, Your Honor. Okay. That was for the trial judge to resolve. Let me ask that you affirm the conviction and sentence. Thank you. Mr. Levin, you may proceed. Yes, Your Honor. There is a lot of agreement that the State has with the defense here. As counsel pointed out, this was a simultaneous act. The State used that term, and the State's brief, page 25, the State said the identity of the victim was the same for all the counts, and it finally occurred in the same location and during the same approximate times of penetration, quote, unquote. So if we apply the sequence factors, which is still binding Illinois Supreme Court precedent, we look at the totality of the circumstances, all the factors, or most of the factors, favor defense. And I'd also like to point out the Cox case. I know it was a 1972 case, but at page 29 of my opening brief, I pointed out that Cox was reaffirmed in a more recent case. It's People v. Carter, a 2004 Illinois Supreme Court case. So Cox is still good law and should be applied here. I respectfully disagree that with the proposition in an earlier Second District case that Cox is no longer good law. I don't think I would respectfully submit that the appellate court not have authority to say that Cox is no longer good law unless the Illinois Supreme Court specifically overrules the decision. Not to belabor the point, and I hate to do this, but, again, going back to Segarra, which she cited, which talks about a person who commits more than one criminal act in the same episode or transaction, let's say simultaneously in your argument, exactly the same time both acts occurred. Segarra says may be prosecuted and convicted for more than one offense unless the charges involve the same physical act. So you have to convince us that filing and sexual penetration are the same act, are they? You're saying it doesn't matter. There have been changes since Segarra. For example, Segarra said that concurrent sentences would be applied. So that's different from what we have now. And it also – You're asking the conviction, though, be vacated. You believe the defendant should be sentenced to only one conviction, correct? Yes, I believe only under one. So we also have to look at Segarra in light of a subsequent case, which is Carter, 2004, which in turn approved of Cox, and Cox supports the defendant. And Segarra, which applied the six-factor test, came after Segarra too. And Segarra is factually distinguishable. It didn't cover the situation we have here, which is simultaneous acts, which the State and the defense seem to be in large agreement. So unless the Court has any questions about that, I'd like to discuss reasonable doubt for a minute, since the State brought it up. And I would disagree – No, the State didn't bring it up. I did. Okay. Well, the State addressed it. So as pointed out in my brief, it's not a question of credibility. What we have here is the complaining witness. There was no corroboration, no independent verification. Do you need that? Do you ever need that? It would be one factor out of the totality of the circumstance. Correct. I'm not saying that's determinative. Mike, because the case law is very well settled that the cognitive testimony of a single witness could be sufficient to sustain a conviction, notwithstanding the lack of any supporting or corroborating evidence. If that's the only factor, but it's not. It's one factor of many. The other factors are there's no contemporary complaints made at the time. It wasn't made until far afterwards. It was established during the trial that the complaining witness had lied, had lied about selling jewelry to finance a trip to Mexico. So she was proven, no doubt, undisputed that she was a liar. She also had a motive to testify falsely, so she had a bad relationship with her family. And I did cite some cases where the court did find reversible error, where the appellate court reversed because the complaining witness was a liar and had a motive to testify. In that case, wasn't it a little more egregious, as a matter of fact? Are you citing a case where the victim admitted lying by deliberately making false allegations against somebody else? That's a little different level, isn't it? She did that for two, at least two would-be perpetrators. Well, there could be lying in one case and lying in another case. They both involved lying. But accusing somebody falsely is what the defendant is alleging here, is a little more specific than just lying in general. Well, there was a motive to testify falsely. Yes. The complaining witness had a very bad relationship with the family and didn't make the complaints contemporaneously, no physical evidence, no statements. So I'm not relying on one factor, I'm relying on all these factors, that the complaining witness acted inconsistently with the assault having occurred because she invents a very strong relationship with the defendant. And I apologize for going along with this. So thank you so much. Okay. And thank you. Thank you. We have other cases on the call. There will be a short recess.